*344
 
 Taylor, Judge,
 

 Where a bond has not been sued upon for tha space of twenty years, nor interest paid upon it in that time; and if the plaintiff cannot account for not suing in the time, a jury are at liberty t© presume the bond to have been paid. The di fendents rely upon length of time, as such evidence of
 
 pay
 
 ment in the present case. The plaintiff says he has accounted for not suing from
 
 1777
 
 to
 
 1787,
 
 by proving that One and the same person, during all that time, was the representative of the obligee and obligor, and so could not sue himself. The defendants, on the other hand, Say the presumption is much strengthened by this circumstance, and indeed they say that it is of itself tatamount in law to payment: They rely upon the case of Dorchester and Webb, Cro. C. 372, 373. The amount of that case is that the plaintifF was the executor of the obligee, and also the executor of the obligor ; but at the death of the ob-ligor, or after, she had not any of the effects of the Obligor, wherewith she could pay the debt; and because she bad no such assets, the court adjudged she might maintain her action against the co-obligor of her testator. For^ said the court, although she be executor to John Dorchester, the other obligor, yet when she hath fully administered all the estate of the said John Dorchester, before she be made executor to Ann Rowe, (the obligee) she hath in a manner discharged herself of being executrix to John Dorchester, and hath net any thing of his estate. This case allows the circumstance of being representative Of both, and having assets sufficient of the obligor to afford a very strong presumption of payment; and the jury may take into consideration a calculation of the principal and interest due upt>n the bond to be endorsed thereon, as made the 21st December, 1779 ; also the circumstance of the administrator of the obligor permitting the widow to remove from Virginia to North-Caroa linia, with 18 or 20 Negroes, in the year 1780. As to the act of 1715, the plaintiff’s counsel insist it cannot run on from 1777 to the end of the war; nor after 1787 till 1790; because in the intermediate time, there was fto person who could have sued upon .the bond ; and that if the act does not take effect at the end of the first seven years.jnext after the death of the obligor, it never can taice effect at all. My answer to these remarks is this s The act of 1715, requiring creditors of any person deceased to make their claim within seven years after the death of such debt- or, otherwise such creditor shall be forever barred, makes no saving whatsoever for any person under an}' circumstances ; and my Lord Coke says, where the Legislature have made no exceptions, the judges can make none; and that infants and feme coverts would have been barred by the common act of limitations, had they not been excepted therein. The court, indeed, goes so far as to say, that a case like one of those1 excepted by
 
 *345
 
 the act, shall be within its equity ar.á government, but it .cannot teakean exception of anj fcinJ, where the ect itself lias notArnade-any exception. Then admitting that the act
 
 ÍÍSS
 
 has suspended, the operation of ail acts of 'limitation' daring the war, this act will remain afterwards j and if seven years eiapse without claiming the debt, though not the next seven years ntxt after the death of the debtor, the creditor will be barred ; for it cannot be law, that the creditor is left without limitation, if fot some cause the first seven years cannot be computed.
 

 Verdict for the defendant, and judgment*